IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KHALID SHARAF, AHMAD ELAAL, and JAMAL ATIYA, | Civil Action No. _____ |
| Plaintiffs, | |
| v. | Jury Trial Demanded |
| RUBY ENTERPRISES, LLC, and NADIA ESMAIL, | |
| Defendant. | |

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiffs Khalid Sharaf, Ahmad Elaal, and Jamal Atiya bring this action against Defendants Ruby Enterprises, LLC, and Nadia Esmail, and respectfully allege as follows:

## INTRODUCTION

1. Plaintiffs bring this lawsuit pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), for unlawful retaliation, unpaid overtime wages, liquidated damages, and attorney's fees and costs. This lawsuit also seeks monetary relief and other damages for violations of Title VII of the Civil Rights Act of 1964 as amended (hereinafter "Title VII"), 42 U.S.C. § 1981, the Age Discrimination in Employment Act ("ADEA") and the Louisiana Employment Discrimination Law ("LEDL"). Defendants discriminated against Plaintiffs on the basis of their gender (male), age, and national origin, race, and color (Middle-Eastern), and then retaliated against them by, *inter alia,* terminating their employment. Defendants also breached their contracts with Plaintiffs Sharaf and Elaal and failed to pay all Plaintiffs the wages due under the terms of their employment in violation of the Louisiana Wage Payment Act, La. R.S. § 23:631, *et seq.* ("the Wage Payment Act").

1

## THE PARTIES

2. Plaintiff Khalid Sharaf ("Mr. Sharaf") is an individual residing in Jefferson Parish, Louisiana and formerly was employed with Defendant Ruby Enterprises.

3. Plaintiff Ahmad Elaal ("Mr. Elaal") is an individual residing in Tangipahoa Parish, Louisiana and formerly was employed with Defendant Ruby Enterprises.

4. Plaintiff Jamal Atiya is an individual residing in St. Charles Parish, Louisiana and formerly was employed with Defendant Ruby Enterprises.

5. Defendant Ruby Enterprises, LLC ("Ruby Enterprises") is a Louisiana corporation and may be served through its registered agent for service of process: **Ms. Nadia Esmail, 3733 Lake Michelle Court, Gretna, LA 70056.** Ruby Enterprises is an "employer" within the meaning of the FLSA, Title VII, the ADEA, and the LEDL.

6. Defendant Nadia Esmail is an individual residing in Jefferson Parish and may be served at **3733 Lake Michelle Court, Gretna, LA 70056**. Ms. Esmail is an "employer" within the meaning of the FLSA.

## JURISDICTION AND VENUE

7. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

8. Venue is proper pursuant to 28 U.S.C. § 1391, as a substantial part of the acts or omissions giving rise to the claims alleged herein occurred within this judicial district, and Defendants are subject to personal jurisdiction in this district. Venue is also proper as one or more of the alleged unlawful employment practices occurred in the State where this District is located.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

9.      On or about March 30, 2016, Plaintiffs filed Charges of Discrimination with the Equal Employment Opportunity Commission.  All conditions precedent to the institution of this lawsuit have been fulfilled.

## FACTUAL ALLEGATIONS

10.     Mr. Sharaf began working for Defendants in or around January 2007 and Defendants terminated his employment on or around June 7, 2016.  At the time of his termination, Mr. Sharaf was Defendants' Chief Operating Officer and Co-Chief Financial Officer.

11.     Mr. Elaal began working for Defendants in or around 2006 and Defendants terminated his employment on or around June 17, 2016.  At the time of his termination, Mr. Elaal was one of Defendants' General Managers.

12.     Mr. Atiya began working for Defendants in or around April 2013 and Defendants terminated his employment on or around February 2016.  At the time of his termination, Mr. Atiya was one of Defendants' Store Managers.

13.     At all times material hereto, Defendants were an "enterprise engaged in commerce" within the meaning of the FLSA and, upon information and belief, had more than $500,000 in annual gross revenues.  Defendant operates a substantial number of International House of Pancakes ("IHOP") franchises in several states, including Louisiana and Mississippi.

14.     Defendants classified all Plaintiffs as exempt under the FLSA, but Plaintiffs were not compensated on a salary basis pursuant to 29 C.F.R. § 541.602.  For example, Defendants routinely made deductions to Plaintiffs' salaries for partial-day absences and other unlawful deductions in violation of 29 C.F.R. § 541.602.  Further, Mr. Atiya's primary duty was <u>not</u> to

perform exempt duties. Accordingly, Defendants unlawfully misclassified Plaintiffs as exempt employees under the FLSA.

15. Plaintiffs regularly worked more than forty (40) hours in a workweek for Defendants, but were not paid the proper overtime wages for all of the time worked.

16. Plaintiffs complained about the unlawful deductions to their wages, but Defendants still refused to correct the improper deductions and pay all compensation owed to Plaintiffs.

17. Plaintiffs also complained about Defendants' violations of the FLSA as to their other employees, including Defendants' failure: (i) to pay overtime to hourly workers such as cooks as required by the FLSA; (ii) to pay tipped employees in compliance with the FLSA; and (iii) to comply with their FLSA payment obligations in connection with wage and hour investigations conducted by the United States Department of Labor ("DOL").

18. Defendants retaliated against Plaintiffs by making unlawful deductions to their pay, harassing and demeaning Plaintiffs, and ultimately, terminating Plaintiffs' employment.

19. Defendants' refusal to properly pay overtime compensation was neither reasonable, nor was the decision not to pay overtime made in good faith.

20. Defendants' denial of legal wages to Plaintiffs is, and has been, willful and deliberate within the meaning of 29 U.S.C. § 255(a).

21. Defendants, principally the Chief Executive Officer Ms. Nadia Esmail, harassed and discriminated against Plaintiffs on the basis of their gender (male) and national origin, race, and color (Middle-Eastern).

22. Defendants, principally Ms. Esmail, also harassed and discriminated against Mr. Sharaf on the basis of his age (55 years old at the time of his termination).

23. For example, Ms. Esmail routinely berated Plaintiffs, told lies about them, verbally abused them, and sent harassing text messages based on their gender (male), age, and national origin, race, and color (Middle-Eastern). In fact, Ms., Esmail specifically stated that her discriminatory and retaliatory actions towards Plaintiffs were intended to make them resign their employment with Defendants. When Plaintiffs did not resign, Defendants continued their unlawful conduct by terminating Plaintiffs' employment.

24. Plaintiffs complained about the discrimination and retaliation that they were experiencing, but Defendants took no action to remedy the unlawful conduct.

25. Defendants' discriminatory and retaliatory conduct towards Plaintiffs also included making the aforementioned unlawful deductions to all Plaintiffs' compensation and refusing to pay for accrued vacation time owed to Plaintiffs Sharaf and Elaal both during and after their employment with Defendants.

26. Defendants continued their unlawful conduct by terminating all Plaintiffs' employment.

27. Defendants' actions have been willful and in reckless disregard for the rights of Plaintiffs, causing them to suffer damages.

**FIRST CAUSE OF ACTION**
**(Violations of the FLSA – As to All Defendants)**

28. Plaintiffs incorporate by reference each and every allegation set forth in the preceding paragraphs as though fully set forth.

29. The FLSA requires employers to pay all non-exempt employees overtime compensation of 1 ½ times their regular rate of pay for all hours worked over forty (40).

30. Defendants have violated the requirements of the FLSA by misclassifying Plaintiffs as exempt employees. At all relevant times, Defendants failed to maintain proper payroll records regarding Plaintiffs' work hours, also in violation of their duties under the FLSA.

31. Defendants have deprived Plaintiffs of lawful compensation by *inter alia,* failing to pay overtime compensation for hours worked over forty (40).

32. Defendants' conduct, as alleged, constitutes a willful violation of the FLSA.

33. As a result of Defendants' unlawful conduct, Plaintiffs are entitled to damages equal to the amount of all uncompensated time, including overtime pay, and an award of liquidated damages in an amount equal to the amount of unpaid compensation owed under the FLSA.

34. Plaintiffs also seek reasonable attorney's fees and costs, as provided by the FLSA.

## SECOND CAUSE OF ACTION
**(Violations of the FLSA's Anti-Retaliation Provision – As to All Defendants)**

35. Plaintiffs incorporate by reference each and every allegation set forth in the preceding paragraphs as though fully set forth.

36. Plaintiffs exercised their rights and engaged in protected activity under the FLSA as heretofore alleged.

37. Defendants retaliated against Plaintiffs for exercising their rights under the FLSA as heretofore alleged.

38. As a result of Defendants' unlawful conduct, Plaintiffs are entitled to compensatory damages, lost wages, liquidated damages equal to lost wages, punitive damages, and other appropriate equitable relief.

39. Plaintiffs also seek reasonable attorney's fees and costs, as provided by the FLSA.

### THIRD CAUSE OF ACTION
**(Discrimination – Title VII Claims against Ruby Enterprises)**

40. Plaintiffs incorporate by reference each and every allegation set forth in the preceding paragraphs as though fully set forth.

41. Ruby Enterprises has intentionally discriminated against Plaintiffs on the basis of their gender and national origin, race, and color as heretofore alleged.

42. Plaintiffs request that they be awarded all available relief, including but not limited to, a declaratory judgment that the acts and practices complained of herein are in violation of the laws of the United States, injunctive relief, an award of lost wages, including lost fringe benefits, which resulted from the unlawful discrimination complained of herein, reinstatement or front pay in lieu thereof, compensatory damages, punitive damages, attorney's fees, expenses, and costs, and all other and further relief as to this Court appears necessary and proper.

### FOURTH CAUSE OF ACTION
**(Discrimination –LEDL Claims against Ruby Enterprises)**

43. Plaintiffs incorporate by reference each and every allegation set forth in the preceding paragraphs as though fully set forth.

44. Ruby Enterprises has intentionally discriminated against Plaintiffs on the basis of their gender and national origin, race, and color as heretofore alleged.

45. Plaintiffs request that they be awarded all available relief, including but not limited to, a declaratory judgment that the acts and practices complained of herein are in violation of the laws of Louisiana, injunctive relief, an award of lost wages, including lost fringe benefits, which resulted from the unlawful discrimination complained of herein, reinstatement or

7

front pay in lieu thereof, compensatory damages, attorney's fees, expenses, and costs, and all other and further relief as to this Court appears necessary and proper.

## FIFTH CAUSE OF ACTION
### (Retaliation – Title VII Claims against Ruby Enterprises)

46. Plaintiffs incorporate by reference each and every allegation in the preceding paragraphs as though fully set forth.

47. Plaintiffs have been retaliated against in response to their participation in proceedings under Title VII, as well as to their opposition of the Defendants' unlawful practices, which violate Title VII.

48. Defendants engaged in conduct materially adverse to a reasonable employee as heretofore alleged.

49. Plaintiffs request that that they be awarded all available relief, including but not limited to, a declaratory judgment that the acts and practices complained of herein are in violation of the laws of the United States, injunctive relief, an award of lost wages, including lost fringe benefits, which resulted from the unlawful retaliation complained of herein, reinstatement or front pay in lieu thereof, compensatory damages, punitive damages, attorney's fees, expenses, and costs, and all other and further relief as to this Court appears necessary and proper.

## SIXTH CAUSE OF ACTION
### (Retaliation – LEDL Claims against Ruby Enterprises)

50. Plaintiffs incorporate by reference each and every allegation in the preceding paragraphs as though fully set forth.

51. Plaintiffs have been retaliated against in response to their participation in proceedings under the LEDL, as well as their opposition of Defendants' unlawful practices, which violate the LEDL.

52. Defendants engaged in conduct materially adverse to a reasonable employee and took adverse employment actions against Plaintiffs as heretofore alleged

53. Plaintiffs request that they be awarded all available relief, including but not limited to, a declaratory judgment that the acts and practices complained of herein are in violation of the laws of Louisiana, injunctive relief, an award of lost wages, including lost fringe benefits, which resulted from the unlawful retaliation complained of herein, reinstatement or front pay in lieu thereof, compensatory damages, attorney's fees, expenses, and costs, and all other and further relief as to this Court appears necessary and proper.

## SEVENTH CAUSE OF ACTION
**(Discrimination – § 1981 Claims against all Defendants)**

54. Plaintiffs incorporate by reference each and every allegation in the preceding paragraphs as though fully set forth.

55. Defendants have intentionally discriminated against Plaintiffs on the basis of their national origin, race, and color in violation of 42 U.S.C. § 1981 as heretofore alleged.

56. Plaintiffs request that they be awarded all available relief, including but not limited to, a declaratory judgment that the acts and practices complained of herein are in violation of the laws of the United States, injunctive relief, an award of lost wages, including lost fringe benefits, which resulted from the unlawful discrimination complained of herein, reinstatement or front pay in lieu thereof, compensatory damages, punitive damages, attorney's fees, expenses, and costs, and all other and further relief as to this Court appears necessary and proper.

## EIGHTH CAUSE OF ACTION
### (Retaliation – § 1981 Claims against all Defendants)

57. Plaintiffs incorporate by reference each and every allegation in the preceding paragraphs as though fully set forth.

58. Defendants have retaliated against Plaintiffs in response to their participation in proceedings under 42 U.S.C. § 1981, as well as to their opposition of Defendants' unlawful practices, which violate 42 U.S.C. § 1981.

59. Defendants engaged in conduct materially adverse to a reasonable employee and took adverse employment actions against Plaintiffs as heretofore alleged.

60. Plaintiffs request that that they be awarded all available relief including, but not limited to, a declaratory judgment that the acts and practices complained of herein are in violations of the laws of the United States, injunctive relief, an award of lost wages, including lost fringe benefits, which resulted from the unlawful retaliation complained of herein, reinstatement or front pay in lieu thereof, compensatory and punitive damages, attorney's fees, expenses, and costs, and all other and further relief as to this Court appears necessary and proper.

## NINTH CAUSE OF ACTION
### (Plaintiffs Sharaf and Elaal – Breach of Contract Claims against all Defendants)

61. Plaintiffs incorporate by reference each and every allegation in the preceding paragraphs as though fully set forth.

62. Defendants entered into a contract with Mr. Sharaf to pay him 20% of all net profits earned by Defendants during Mr. Sharaf's employment.

63. Defendants entered into a contract with Mr. Elaal to pay him 10% of all net profits for the stores he managed during Mr. Elaal's employment.

64. Defendants breached these contracts by failing to pay Mr. Sharaf and Mr. Elaal their agreed-upon share of Defendants' net profits.

65. Mr. Sharaf and Mr. Elaal have been injured in that they have not received all compensation owed to them under their contracts with Defendants.

66. Plaintiffs are entitled to recover all wages to which they are owed by contract, and all other damages resulting from Defendants' breaches of contract.

## TENTH CAUSE OF ACTION
### (All Plaintiffs – Wage Payment Act Claims against Ruby Enterprises)

67. Plaintiffs incorporate by reference each and every allegation set forth in the preceding paragraphs as though fully set forth.

68. In addition to the wages owed to Plaintiffs for Defendants' unlawful deductions and breach of contract, Plaintiffs also were entitled to at least ten days of accrued vacation pay at the time of their termination under Defendant's policies.

69. Despite repeated demands from Plaintiffs, Defendants failed to pay the wages due under the terms of their employment within the time period prescribed by the Wage Payment Act.

70. Accordingly, Plaintiffs are not only entitled to recover their unpaid wages, but also penalty wages, attorney's fees, costs, and judicial interest.

## ELEVENTH CAUSE OF ACTION
### (Plaintiff Sharaf – ADEA Claims against Ruby Enterprises)

71. Plaintiff Sharaf incorporates by reference each and every allegation set forth in the preceding paragraphs as though fully set forth.

72. Defendants have intentionally discriminated against Plaintiff Sharaf on the basis of his age in violation of the ADEA as heretofore alleged.

73. Plaintiff Sharaf requests that he be awarded all available relief, including but not limited to, a declaratory judgment that the acts and practices complained of herein are in violation of the laws of the United States, injunctive relief, an award of lost wages, including lost fringe benefits, which resulted from the unlawful discrimination complained of herein, reinstatement or front pay in lieu thereof, liquidated damages, compensatory damages, punitive damages, attorney's fees, expenses, and costs, and all other and further relief as to this Court appears necessary and proper.

## TWELFTH CAUSE OF ACTION
**(Plaintiff Sharaf – ADEA Retaliation Claims against Ruby Enterprises)**

74. Plaintiff Sharaf incorporates by reference each and every allegation set forth in the preceding paragraphs as though fully set forth.

75. Plaintiff Sharaf has been retaliated against in response to his participation in proceedings under the ADEA, as well as to his opposition of Defendants' unlawful practices, which violate the ADEA.

76. Defendants engaged in conduct materially adverse to a reasonable employee and took adverse employment actions against Plaintiff Sharaf as heretofore alleged.

77. Plaintiff Sharaf requests that that he be awarded all available relief, including but not limited to, a declaratory judgment that the acts and practices complained of herein are in violation of the laws of the United States, injunctive relief, an award of lost wages, including lost fringe benefits, which resulted from the unlawful retaliation complained of herein, reinstatement or front pay in lieu thereof, liquidated damages, punitive damages, compensatory damages, attorney's fees, expenses, and costs, and all other and further relief as to this Court appears necessary and proper.

## DEMAND FOR JURY

78. Plaintiffs hereby demand a trial by jury for all issues in this case.

## PRAYER FOR RELIEF

WHEREFORE, having set forth their Complaint, Plaintiffs respectfully request that this Court:

(a) all available relief under § 1981, Title VII, the ADEA, and the LEDL, including but not limited to, a declaratory judgment that the acts and practices complained of herein are in violation of the laws of the United States and Louisiana, injunctive relief, an award of lost wages, including lost fringe benefits, which resulted from the unlawful discrimination complained of herein, reinstatement or front pay in lieu thereof, compensatory and punitive damages, judicial interest, attorney's fees, expenses, and costs;

(b) all available relief under the FLSA, including a declaratory judgment that the practices complained of herein are unlawful under the FLSA and that Defendants willfully violated the rights of Plaintiffs under the FLSA, unpaid back wages and liquidated damages equal in amount to the unpaid compensation found due to them under the FLSA, judicial interest, attorney's fees, expenses, and costs

(c) the unpaid wages and payments due as a result of Defendants' breach of contract;

(d) the unpaid wages, penalty wages, attorney's fees, costs, and judicial interest as provided by the Wage Payment Act;

(e) attorney's fees, pre-judgment and post-judgment interest, and costs (including expert witness expenses), all as provided by law; and

(f) any other legal and equitable relief that this Court deems just and proper.

**(SIGNATURE LINE ON NEXT PAGE)**

Dated: October 18, 2016              Respectfully Submitted:

**WILLIAMS LITIGATION, L.L.C.**

By:  s/Christopher L. Williams
Christopher L. Williams
La. Bar Roll No. 32269
639 Loyola Ave., Suite 1850
New Orleans, LA 70113
Telephone: 504.308.1438
Fax: 504.308.1446
chris@williamslitigation.com

*Attorney for Plaintiffs*